IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH-EDWARD HEITMAN, ) <br> ) <br>            Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> IDAHO STATE TAX ) <br> COMMISSION, BRIAN NICHOLAS, ) <br> DONNA PIERCE, DON L. HARDING, ) <br> MARTIN HARRIS, ALAN R. PACK, ) <br> AMY BROWN, KRISTINE ) <br> BENDERE, KATIE VILLA, ) <br> INTERNAL REVENUE SERVICE, ) <br> BEAR LAKE COUNTY TAX ) <br> COMMISSION, RODNEY ) <br> WALLENTINE, MONTAIN KUNX, ) <br> VAUGHN RASMUSSEN, DWIGHT ) <br> COCHRAN, BRENT - BUNN, ) <br> PRESIDENT, BOARD OF ) <br> DIRECTORS, BANK OF UTAH, ) <br> AMERITRADE, ) <br> ) <br>            Defendants. ) <br> _____ ) | Case No. CV07-210-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

      Pending before the Court in this case are two Motions to Dismiss (Docket Nos. 5 & 7). The Court previously ordered Plaintiff to file a response to the pending Motions no later than July 20, 2007. Plaintiff has not filed a response, but has filed several notices (Docket Nos. 27, 28, & 31), which the Court has considered. Accordingly, the Court shall determine the motions based upon the record before it. Oral argument is unnecessary and would cause Defendants to expend additional attorney's fees. Based

MEMORANDUM DECISION AND ORDER 1

upon its review of the record and consideration of the arguments before the Court, the Court enters this Order granting the Motions to Dismiss.

## DEFENDANTS' MOTIONS TO DISMISS

A.  **Factual Background**

On May 3, 2007, Plaintiff filed his Complaint, which consists of nonsensical phrases strung together with legal citations interspersed among the phrases. *See Complaint* (Docket No. 1). Plaintiff refers to federal statutes governing military matters, federal criminal statutes, and sections of the federal civil rights statute, 42 U.S.C. §§ 1985 and 1986. Plaintiff has attached documents showing that he was assessed a state tax deficiency by the Idaho Tax Commission. At least some of the Defendants appear to be employees of the Idaho Tax Commission. *See Complaint Exhibits*, pp. 18-40 (Docket No. 1).

On June 12, 2007, Idaho State Defendants Kristine Bendere, Katie Villa, Idaho State Tax Commission, Brian Nicholas, Donna Pierce, Don L. Harding, Martin Harris, Alan R. Pack, and Amy Brown ("State Defendants") filed a Motion to Dismiss and for Attorney's Fees. On June 18, 2007, Defendant Ameritrade filed a Motion to Dismiss. On June 25, 2007, Plaintiff filed two notices, which are as nonsensical as the Complaint. On October 30, 2007, he filed a nonsensical letter. He has not otherwise filed a response to the pending Motions to Dismiss.

B.  **Standards of Law**

Defendants seek dismissal of Plaintiff's entire complaint. Federal Rule of Civil

MEMORANDUM DECISION AND ORDER 2

Procedure 12(b)(6) is a procedural mechanism whereby parties can test the legal sufficiency of the claims asserted in the complaint. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id.*

Before a district court can dismiss the complaint of a pro se litigant, it must provide the litigant "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992).  A court may dismiss a pro se litigant's complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**C.    Discussion**

Here, the Court agrees with Defendants that there is no discernable factual basis for Plaintiff's claims.  Plaintiff's references to federal military and criminal statutes which have no applicability in a civil action demonstrate that he subscribes to the "sovereign citizen" movement, which is a frivolous legal theory.  Such theories are generally advanced to challenge state and federal laws and state court judgments.  They have been

MEMORANDUM DECISION AND ORDER 3

consistently rejected by the courts. *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *see also* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785.

Plaintiff has referenced 42 U.S.C. § 1985(2)&(3) and § 1986 in his Complaint, but there is no discernable cause of action related to these sections. Section 1985 governs conspiracies to interfere with civil rights. Section 1985(2) has two clauses: the first concerns conspiracies interfering with access to federal courts, and the second concerns access to state courts. *See Bretz v. Kelman*, 773 F.2d 1026, 1028-29 (9th Cir. 1985). Here, neither clause of § 1985(2) fits the circumstances of this case. There are no allegations that Defendants interfered with Plaintiff's right to access the federal court. Neither are there any allegations that Defendants interfered with Plaintiff's right to access the state courts as a result of a racial or class-based discriminatory animus. *Id.* at 1029-30; *see Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2)(first clause) and 1985(3) require the element of class-

MEMORANDUM DECISION AND ORDER 4

based animus). Plaintiff has failed to allege that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated. Therefore, this claim is subject to dismissal.

Section 1986 provides that persons who negligently fail to prevent a wrongful conspiracy as described in § 1985 may be liable to the party injured. A prerequisite to stating a § 1986 claim is stating a § 1985 claim. *West v. County of Will*, 1985 WL 1774 (D. Ill. 1985). Because Plaintiff has failed to state sufficient allegations to show that he can maintain a claim under § 1985, he may not proceed on a § 1986 claim.

The Court previously advised Plaintiff that it appeared that his Complaint was founded upon a frivolous legal theory, and it ordered him to file a response to show why his case should not be dismissed. Plaintiff has failed to do so. His notices and letter provide no factual basis for any claims. Under the most liberal reading of Plaintiff's Complaint, the Court can discern no cognizable set of facts or legal theory upon which relief could be granted. As a result, allowing amendment would be futile, and the Complaint is subject to dismissal under Rule 12(b)(6). *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

D.     **Request for Attorney's Fees**

A defendant may recover attorney fees under 42 U.S.C. § 1988 if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173(1980) (citations omitted). A award of attorney's fees in a civil rights case should be made to a defendant

MEMORANDUM DECISION AND ORDER 5

only in "exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

An award of costs to the prevailing party is authorized by Federal Rule of Civil Procedure 54(d). In exercising its discretion under Rule 54(d) regarding whether to award costs in civil rights cases, a district court "should consider the financial resources of the plaintiff and the amount of costs." *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (internal citations omitted).

Here, the Court concludes that this is an exceptional case in which attorney's fees are warranted. The Court finds that Plaintiff's action is groundless, frivolous, and without basis in law or fact. Defendants have had to expend attorney fees and costs to defend this frivolous action. Therefore, the Court will grant all Defendants' requests for an award of attorney's fees and costs. Defendants shall submit their attorney's affidavits and statement of costs. Plaintiff may respond and provide information about his financial resources and ability to pay as he may desire. Defendants may file a reply, and, thereafter, the Court shall determine a reasonable sum for fees and costs.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (Docket Nos. 5 & 7) are GRANTED. Plaintiff's Complaint is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Defendants may submit their attorney's affidavits and statement of costs within fourteen (14) days of this Order. Thereafter, Plaintiff may respond and provide information about his financial resources

MEMORANDUM DECISION AND ORDER 6

and ability to pay as he may desire, and Defendants may, but are not required to, file a reply.



DATED: **November 27, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM DECISION AND ORDER 7